IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KAIRI WAYNE WEBSTER                                                                    PLAINTIFF

v.                                        Civil No. 4:14-cv-04125-SOH-BAB

WARDEN BRAZELL, ET. AL.                                                              DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff Kairi Wayne Webster, pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court are separate Motions to Dismiss by Defendants Brazell, Adams, McClure, and Stovall ("Miller County Defendants"), and Defendant Harris.  ECF Nos. 11 and 13.

**I.     BACKGROUND**

The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Miller County Correctional Facility.  ECF No. 1.  Plaintiff filed this Complaint on September 25, 2014. ECF No. 1.  Plaintiff alleges his constitutional rights were violated as a practicing Muslim when he repeatedly received food items containing pork and pork by-products, received food too close to the time he had to start fasting for Ramadan to eat it, and received medication four times when he was already into the fasting period for the day. Plaintiff brought this action against all Defendants in their official capacities only.  Plaintiff seeks monetary and injunctive relief.  ECF. No. 1.

1

Defendant Harris filed her Motion to Dismiss on March 31, 2015. ECF No. 11. The Miller County Defendants filed their Motion to Dismiss on April 22, 2015. ECF No. 13.

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

All Defendants argue Plaintiff failed to state a claim against any Defendant in an official capacity because he failed to identify any policy or custom of either Miller County or Southern Health Partners (Defendant Harris' employer).

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

An official capacity claim against the Miller County Defendants is a claim against Miller County.

An official capacity claim against Defendant Harris is a claim against her employer, Southern Health Partners, Inc. ("SHP").[1] SHP is a private correctional medical services corporation contracted with the ADC to provide those services. Through this contract, SHP is acting under color of state law and is subject to suit under § 1983. *West v. Atkins*, 487 U.S. 42 (1988); *Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043 (8th Cir. 2002); *Montano v. Hedgepeth*, 120 F.3d

---

[1] Interestingly, there does not appear to be any in-depth discussion or explicit holding in the Eighth Circuit as to whether an official capacity claim may be properly brought against a private entity for monetary damages. Certainly private correctional medical care corporations such as Southern Health Partners are regularly found liable for monetary damages. However, the analysis generally looks first to determine if acting under color of state law, and second to the *respondeat superior analysis*, as the Court has done here. This seems to be skipping a logical step in the analysis, and, as noted by some scholars, has created inconsistencies in approaches in the circuits when looking at the availability of immunities for private entities. *See.e.g.* Barbara Kritchevsky, *Civil Rights Liability of Private Entities,* 26 Cardozo Law Review 35 (2004).

3

844, 849-50 (8th Cir. 1997). However, "[a] claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982) (stating Monell's holding is "equally applicable to the liability of private corporations" as to municipal corporations).

> In a § 1983 action, a prisoner cannot hold a corporation vicariously liable for the wrongful actions of its employees. *See Burke v. North Dakota Dept. of Corrs. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir.2002). Rather, under § 1983, a corporation, acting under color of state law, can be held liable only for its unconstitutional policies, practices, or customs. *Id.* Thus, Defendant [Correctional Medical Services] can be held liable only if there was a policy, custom, or official action that inflicted an actionable injury on Plaintiff. *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir.2006); *see also Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975, 976 (8th Cir.1993).

*Caldwell v. Corr. Med. Services*, 2010 WL 4959859, at *4 (E.D. Ark. Nov. 12, 2010); *see also Burke*, 294 F.3d at 1044, *Crabb v. Southern Health Partners*, 2015 WL 1578936, at *2-4 (E.D. Ark. April 9, 2015).

Plaintiff fails to state a claim against Defendant Harris. Defendant Harris is a Nurse employed by Southern Health partners at the Miller County Detention Center. Plaintiff's only medical complaint is that, on four occasions, he either did not receive his morning medication or he received it too late to take it, because his fast for Ramadan had already started for the day. According to the information in one of Plaintiff's grievances, the Ramadan fast period is one month in length, starting on June 28 and ending on July 28. Plaintiff's July 7, 2014 grievance states "this is the third time I haven't received my medication in the morning." ECF No. 1, p. 21. Plaintiff's July 11, 2014 grievance states he didn't receive his medication until the sun was already up and his fast had started. ECF No. 1, p. 22. He does not allege that this is the result of a policy or custom. Rather he asks why the time schedule printed out by Miller County Detention center was not being followed. ECF No.

4

1, p. 23   Thus, Plaintiff makes the claim he received his medication in violation of the written policies in place for the Ramadan religious fast.

A custom conflicting with a written policy can support an official capacity claim. *Johnson v. Douglas County Med. Dept.*, 725 F.3d 825, 829 (8th Cir. 2013) However, to establish the existence of such a custom, Plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Id.* at 828.   Under this standard, "multiple incidents involving a single plaintiff could establish a custom if some evidence indicates that the incidents occurred over a course of time sufficiently long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials." *Id.*   In this case, Plaintiff first gave notice about missing medication in his July 7, 2013 grievance.  He next complained on July 11, 2014, a mere three days later.  There were no further medication grievances submitted.  This is neither a sufficient number of incidents nor a sufficient amount of time to support a claim of conflicting custom liability.

Plaintiff also alleges he received food either too close to the time of his fast time to eat it or after his fast had already begun.  He states he should have at least thirty minutes to consume his food.  He wrote four grievances on this claim.  On July 1, 2014, he states he got his morning meal only twenty minutes before fast time. ECF No. 1, p. 19. On July 11, 2014, July 16, and July 22, 2014 he states he did not receive his meal until after the sun was already up and he had entered his fast time.

ECF No. 1, p. 22-23, 25. There were no further grievances submitted concerning the food. For those times where he received his food after the sun had risen, it was typically several minutes late. On July 11, 2014 he alleges it was delivered seven minutes past sunrise. ECF No. 1, p. 12. On July 16, 2014 he alleges it was fifteen minutes late. ECF No. 1, p. 23. On July 22, 2014 he alleges it was fourteen minutes late. ECF No. 1, p. 25. While the Court understands Plaintiff's frustration, receiving food several minutes late four mornings out of thirty does not support a claim for an unconstitutional custom or pattern. Rather, "the deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998)(expressing doubt that Talib who missed about fifty meals in five months and lost fifteen pounds met this threshold)(*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation." *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986)(even on a regular permanent basis, two meals a day may be adequate). *See also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)(claim that inmate missed eight meals properly dismissed as frivolous); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982)(Eighth Amendment not violated when inmate served only one meal a day for fifteen consecutive days where the one meal was sufficient to maintain normal health). Accordingly, Plaintiff's claims regarding late meal service fails to state a claim under § 1983.

This leaves Plaintiff's claims concerning pork and pork by-products. He submitted two grievances on this topic. One is undated and states Officer Oates served him a tray with pork-n–beans, and then argued with Plaintiff for five minutes trying to tell him that pork-n-beans did not contain pork. ECF No. 1, p. 17. On July 21, 2014 he submitted a grievance requesting copies of his

last few grievances concerning mono- and di-glycerides. ECF No.1, p. 24. In his Complaint, Plaintiff states he was repeatedly served a banana pudding which contained mono- and di-glycerides. He alleges these "consist of pork." ECF No. 1, p. 9-10. He states Sergeant Moon looked this up and found out mono- and di-glycerides "was and did consist of pork." After this he did not get any more of the pudding. ECF No. 1, p. 10. Based on the Court's research, Plaintiff's allegations may be correct. These emulsifiers are made from fat, and, if made from pork, would not meet Halal requirements. Di-glycerides and mono-glycerides made from plant oil or halal beef fat are acceptable. http://www.muslimconsumergroup.com/ingredients_description.html#q25. However, based on Plaintiff's grievance and statement, he was not served any more banana pudding once Sergeant Moon researched the issue. Thus, once they were notified of this potential issue, it was corrected. Therefore, taking all of his statements as true, Plaintiff has not alleged a continuing, widespread, persistent pattern of unconstitutional misconduct on the part of Miller County to support an official capacity claim based on the banana pudding. Nor does a single incident of receiving pork-n-beans support an official capacity claim of unconstitutional conduct.

## IV. CONCLUSION

Accordingly, I recommend both Motions to Dismiss (ECF Nos. 11, 13) be **GRANTED** and Plaintiff's Complaint against all Defendants be **DISMISSED** with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **16th day of February 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE